

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00086-CR

Nathan **FOUGHT**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR10858
Honorable Jefferson Moore, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed: April 29, 2020

AFFIRMED

Appellant Nathan John Fought was charged with possession of a controlled substance within 1,000 feet of a playground, a felony. Pursuant to a plea bargain, Fought was placed on deferred adjudication community supervision which required residential substance abuse treatment. He violated probation, and the State filed a motion to revoke. Fought pleaded true to the violation. The trial court sentenced him to two years with the Texas Department of Criminal Justice.

Fought's court-appointed appellate attorney filed a motion to withdraw and a brief in which he raises no arguable issues and concludes the appeal is without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), and *In re N.F.M.*, No. 04-18-00475-CV, 2018 WL 6624409 (Tex. App.—San Antonio Dec. 19, 2018, no pet.) (en banc). Counsel provided proof Fought was given: (1) a copy of the brief, (2) a copy of the motion to withdraw, and (3) a motion to allow him to request the appellate record. Counsel also informed Fought of his right to file his own brief. Fought sent a letter on his own behalf complaining of ineffective assistance of trial counsel.

When an *Anders* brief and a subsequent pro se brief are filed, we must review the entire record and: (1) determine the appeal is without merit and issue an opinion stating there is no reversible error, or (2) determine there are arguable grounds for appeal and issue an opinion remanding the cause to the trial court for appointment of new appellate counsel. *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009) (citing *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (holding court of appeals may address merits of issues raised by pro se only after any arguable grounds have been briefed by new appointed counsel)).

We have carefully reviewed the record, counsel's brief, and Fought's letter. We find no reversible error and agree with counsel the appeal is without merit. *See id.* We therefore grant the motion to withdraw filed by Fought's appointed counsel and affirm the trial court's judgment. *See id.*; *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

No substitute counsel will be appointed. Should Fought wish to seek further review of this case in the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days after either the day our judgment is rendered

or the day the last timely motion for rehearing or timely motion for en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id*. R. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

Patricia O. Alvarez, Justice

Do not publish